UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUDEN, LLC, | No. C-13-4160 EMC (MEJ) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND ADOPTING REPORT AND RECOMMENDATION** |
| JAMES E. ANDERSON, SR., *et al.*, | |
| Defendants. | **(Docket Nos. 3, 7)** |
| _____/ | |

Currently pending before the Court is Defendant James E. Anderson, Sr.'s application to proceed *in forma pauperis* and Judge James's report and recommendation ("R&R"). Having considered the papers submitted, the report and recommendation, and all other evidence of record, the Court hereby **GRANTS** the application to proceed *in forma pauperi*s but **REMANDS** the case back to the state court from which it was removed.

## I. DISCUSSION

A.  *In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)). Having reviewed Mr. Anderson's financial affidavit, the Court is satisfied that he has

demonstrated that he meets the economic eligibility requirement and, accordingly, grants his application to proceed *in forma pauperis*.

Although the Court grants the application, it has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case. *See, e.g.*, *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that "[a] district court may remand a case sua sponte for lack of subject matter jurisdiction at any time"); *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction); *Khan v. Bhutto*, No. C-93-4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny in forma pauperis status under 28 U.S.C. § 1915(d) and dismiss sua sponte a claim . . . over which the court lacks subject matter jurisdiction"). Moreover, in her report and recommendation, Judge James has concluded that subject matter jurisdiction is in fact lacking. For the reasons discussed below, the Court agrees with Judge James that it does not have subject matter jurisdiction over the case, and therefore a remand to the state court is warranted.

B.      Removal

According to Mr. Anderson, Plaintiff Louden, LLC initiated this lawsuit on May 29, 2013, in state court. *See* Docket No. 1 (Not. ¶ 1). Thereafter, on August 30, 2013, Louden filed a first amended complaint ("FAC"). *See* Docket No. 1 (Not. ¶ 2 & FAC). In the FAC, Louden asserts simply a claim for unlawful detainer against Mr. Anderson and another individual (Freddie Anderson). The caption of the complaint reflects that the damages sought do not exceed $25,000. *See* Docket No. 1 (FAC). Mr. Anderson removed the case to federal court on September 9, 2013.[1]

Several days after Mr. Anderson removed the case, Judge James issued an order to show cause. In the order, Judge James directed Mr. Anderson to show cause as to why the case should not be remanded back to state court based on lack of subject matter jurisdiction. Mr. Anderson was given until September 26, 2013, to file a response. *See* Docket No. 4 (Order at 1).

---

[1] For purposes of this opinion, the Court assumes that Mr. Anderson's removal was timely. Mr. Anderson suggests that he did not remove in response to the original complaint because he was not properly served with a copy of that complaint. *See* Docket No. 1 (Not. ¶ 2).

2

On September 23, 2013, Mr. Anderson declined to proceed before a magistrate judge. Thus, on September 25, 2013, Judge James issued a report and recommendation in which she concluded that subject matter jurisdiction was in fact lacking. Judge James recommended that the case be remanded. Objections to the report and recommendation were to be filed by October 9, 2013. *See* Docket No. 7 (R&R).

On September 26, 2013, Mr. Anderson filed a motion asking for an extension of time to file a response to Judge James's order to show cause. In the motion, Mr. Anderson stated that he would have a response to the order to show cause "within 3 businesses [sic] day from the date of this application." Docket No. 10 (Mot. at 1). However, Mr. Anderson never filed a response to the order to show cause on or after October 1, 2013. While Mr. Anderson did timely file objections to the report and recommendation, they lacked any substance. The entirety of the objection read as follows: "Defendant James Anderson hereby object[s] to the magistrate['s] order and request[s] a hearing, if any to argue the merits of removal." Docket No. 11 (Obj. at 1). Under Civil Local Rule 72-3, Mr. Anderson was required to provide reasons and authority supporting his objections. *See* Civ. L.R. 72-3(a) (providing that objections "must specifically identify the portions of the Magistrate Judge's findings, recommendation or report to which objection is made and the reasons and authority therefor").

The Court agrees with Judge James that subject matter jurisdiction is lacking and thus removal was improper. In her report and recommendation, Judge James explains why federal question and diversity jurisdiction is lacking. To the extent Mr. Anderson suggests in his notice of removal that there is jurisdiction pursuant to 15 U.S.C. § 1692, he is incorrect. Section 1692 is part of the Fair Debt Collection Practices Act ("FDCPA"). But as Judge James explained, federal question jurisdiction depends on the contents of the plaintiff's (*i.e.*, Louden's) well-pleaded complaint and may not be predicated on the defendant's (*i.e.*, Mr. Anderson's) counterclaims or defenses. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002); *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of Mont.*, 213 F.3d 14 1108, 1113 (9th Cir. 2000).

**United States District Court**
For the Northern District of California

Mr. Anderson's citation to 28 U.S.C. § 1339 in his notice of removal is also unavailing. Section 1339 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service." 28 U.S.C. § 1339. But Louden's complaint for unlawful detainer does not arise under any Act of Congress relating to the postal service.

As for Mr. Anderson's claim that removal was proper based on 28 U.S.C. §§ 1442(a) and 1443(1), that is unsupported. For example, § 1442(a) provides that a civil action commenced in state court may be removed if directed against, *e.g.*, an officer of the United States "for or relating to any act under color of such office" or "[a] property holder whose titled is derived from any such officer, where such action or prosecution affects the validity of any law of the United States." 28 U.S.C. § 1442(a). Mr. Anderson has failed to show that he has met any of these requirements. As for § 1443(1), under Supreme Court precedent,

> "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be *clearly predicted* by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."

*Johnson v. Mississippi*, 421 U.S. 213, 220, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (emphasis added). Mr. Anderson has not met that high standard. He has not even made an offer of proof to establish that this case might plausibly fall under the auspices of § 1443(1).

Finally, the Court notes that there is no § 4187.10 in the California Code of Civil Procedure, *see* Docket No. 1 (Not. ¶ 5) (asserting that the state court has no jurisdiction over Plaintiff pursuant to C.C.P. 4187.10(a)(1)), but, even if there were, that is an argument that Mr. Anderson may present to the state court. Similarly, if Mr. Anderson has an argument that Louden is barred from obtaining a remedy against him based on a bankruptcy court order, *see* Docket No. 1 (Not. ¶ 6), that is an argument that he may present to the state court.

///
///
///
///

4

## II. CONCLUSION

For the foregoing reasons, the Court grants the application to proceed *in forma pauperis* but adopts Judge James's report and recommendation and remands the instant case back to the Alameda County Superior Court.

This order disposes of Docket Nos. 3 and 7.

IT IS SO ORDERED.

Dated: October 21, 2013

EDWARD M. CHEN
United States District Judge